```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION


UNITED STATES OF AMERICA        §
                                §
VS.                             §   ACTION NO. 4:06-CR-086-Y
                                §
ORLANDO HOWARD(2)               §
```

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER AND SECOND DETENTION HEARING

Defendant Orlando Howard was indicted on 10 May 2006, on four counts of violating the Controlled Substances Act, 21 U.S.C. §§ 841, et. seq.  Following a detention hearing, the United States magistrate judge found that there was probable cause to believe that the defendant committed offenses under the Controlled Substances Act carrying a maximum term of imprisonment greater than ten years.  The magistrate concluded that the defendant failed to rebut the statutory presumption that no condition or combination of conditions would reasonably assure the defendant's appearance at trial and the safety of the community.  He therefore ordered the defendant to be detained pending trial under the Bail Reform Act, 18 U.S.C. § 3142.  A superceding indictment was returned against the defendant on 6 July adding a fifth count alleging the unlawful possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  The defendant now asks the Court to review the magistrate's detention order and to conduct another detention hearing under 18 U.S.C. §§ 3142 and 3145, to determine if there are any conditions the Court can set that would

TRM/flg

allow the defendant to be released from custody (doc. #56).[1] After review of the defendant's motion[2], the government's response, and the record of the pretrial detention hearing[3] before the magistrate judge, the Court concludes that the motion should be DENIED.

I.  Facts

According to the Pretrial Services Report of 17 May 2006, the defendant stated that he was born and raised in Fort Worth, Texas. The defendant said that he lives alone at a residence he has rented for two years on Davis Avenue (the Davis residence). He claimed that since 2001, he had been earning approximately $3000.00 per month as a self-employed automobile detailer. Prior to that, the defendant said he had been employed as a fork lift operator for two years with Tandy Wire and for two years with Krocket Kitchen.

The defendant indicated that he had graduated from O.D. Wyatt High School in 1991 and attended Northeast Louisiana University from 1991-92. He admitted to using marijuana and alcohol every other day since the age of 18, to using cocaine on a weekly basis since the age of 21, and to using heroin on a weekly basis since

---

[1] Actually, the motion requests that the Court reconsider the magistrate's detention order and requests a detention hearing under 18 U.S.C. §§ 3143 and 3145. Section 3143, however, applies to the release or detention of a defendant pending sentencing or appeal. The defendant has pled not guilty to his charges and is currently set for trial on 13 November 2006. Based on the motion, the Court believes that the defendant is asking for a review of the magistrate's detention order under section 3145(b) and for another detention hearing or a reopening of his detention hearing under section 3142(f)(2)(B). The Court will address both in this order.

[2] The defendant filed his motion on 27 September 2006.

[3] The Court received the record on 12 October 2006.

TRM/flg                                    2

the age of 33.

Also, according to the Pretrial Services Report, the defendant has multiple convictions. Notably, in 1992 and 2005, he was convicted of escape and evading arrest. Also, in 1992 and 2005, he was convicted of unlawfully carrying a weapon. And in 2005, the defendant was convicted of possession of marijuana.

At the defendant's detention hearing, the government called Special Agent Jennifer Coffindaffer, Federal Bureau of Investigation (FBI). According to her testimony and the indictment, the defendant and DeAngelo Bell conspired to possess and distribute cocaine base (crack cocaine). She asserted that Bell, the defendant's alleged co-conspirator, is a member of the "5-Deuce" street gang, a "sub-set" of a larger street gang called "The Crips." She did not know if the defendant is also a member of this gang.

Special Agent Coffindaffer explained that on more than one occasion, as also alleged in the indictment, the defendant and Bell distributed crack cocaine to an undercover Fort Worth, Texas, police officer. This undercover operation is part of a joint FBI and Fort Worth, Texas, police department task force designed to investigate street-gang activity in Fort Worth. These gangs, the FBI believes, including the one Bell is a member of, are involved in illicit drug trafficking, as well as other types of crimes including assaults and murders.

On each occasion, the undercover agent would negotiate with the defendant and Bell the amount of crack cocaine to purchase.

The undercover agent would then pay the defendant and Bell and they in turn would hand deliver the crack cocaine to the agent. These transactions occurred inside a residence and at times the defendant may have received a "commission" for the sale.

The defendant was arrested at the Davis residence where he claimed he was living alone. Found at that residence were three weapons, two of which were an "SKF assault rifle" and a hand gun.

To rebut the statutory presumption that there are no conditions or combination of conditions that can reasonably assure his presence at trial and the safety of the community, the defendant called his sister to testify. She told the Court that the defendant is one of thirteen brothers and sisters all but two of whom reside in the Fort Worth area. The defendant's mother currently resides in Kennedale, Texas, and according to his sister, they are a very "close-knit family."

She explained that the defendant had graduated from high school but couldn't remember when and thought it might have been around 1989. She said after he graduated from high school, the defendant attended college in Louisiana for a short while. He did not graduate college and had been supporting himself through various jobs such as working at a warehouse and doing automobile detailing. Although she claimed to have almost daily contact with the defendant and although she had testified that they are a very "close-knit family," she said she was unaware of the defendant's drug use. She also indicated that she did not know who the defendant was living with at the Davis residence but then later

TRM/flg                                 4

stated he was living with his girlfriend.

She said that if the defendant was released from custody, she would allow him to live with her and would consent to his electronic monitoring in her home. She told the Court that she does not have nor would she ever allow weapons or drugs in her home. But she also admitted that she was unaware of the defendant's previous arrests for weapons violations and for possession of marijuana, and she was unaware of the defendant's drug use. Still, the defendant's sister told the Court that she had no doubt that he did not pose a danger to the community or that if released, he would appear at every court date as required.

## II.  New Detention Hearing

The defendant requests the Court conduct another detention hearing to determine if there are any conditions or combination of conditions that can reasonably assure his presence at trial and the safety of the community. The defendant makes this request under sections 3142 and 3145 of the Bail Reform Act.

If a person is ordered detained by a magistrate judge, that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Section 3145(b) only requires that the motion "be determined promptly." There is nothing in section 3145(b) that requires the Court to hold a second detention hearing when conducting a *de novo* review of a magistrate's detention order. On the other hand, section 3142 of the Act requires a formal detention

hearing "before a judicial officer."  But this requirement is satisfied when a defendant has a formal detention hearing before a United States magistrate judge.  Thus, an independent *de novo* review by the Court under section 3145(b) does not require a *de novo* hearing.  Accordingly, the Court's *de novo* review of the magistrate's detention order may be based on the evidence presented to the magistrate at the detention hearing.  *See also United States v. Baker,* 703 F.Supp. 34, 36 (N.D. Tex. 1989)("Independent review by this Court does not mean a *de novo* hearing.").

Section 3142(f), however, provides for the reopening of a hearing before or after a determination of pretrial detention by a judicial officer, but only if it is established that information exists that was not known at the time of the hearing and that information has a material bearing on the issue of the defendant's flight risk or potential danger.  *See also, United States v. Hare,* 873 F.2d 796, 799 (5th Cir. 1989).  In his motion, the defendant proffers the following facts:

> [The defendant's] mother is in bad health.  He also needs to move his belongings from his house into storage and sell his cars.

Without more, the Court cannot find that the poor health of the defendant's mother is new evidence not known at the time of his hearing.  The defendant does not state when his mother's health deteriorated.  But even if this were new evidence, the defendant fails to establish how the health of his mother would have a material bearing on his risk of flight or potential danger to the community.  There is no evidence that the defendant is the only

TRM/flg                                6

family member that can care for his mother. In fact, according to the record, the defendant has numerous family members still residing in the Fort Worth area and there is no evidence that none of them are capable of caring for his ailing mother.

Likewise, the fact that the defendant needs to move items into storage and sell his cars is hardly new evidence material to the issue of his flight risk or danger to the community. First, the defendant fails to explain why he can't have someone move his items into storage on his behalf. Second, the defendant fails to explain why he can't give a special power of attorney authorizing the sale of his vehicles and directing the proceeds to be deposited into a certain account. In other words, none of these reasons require the defendant's release to effectuate nor do they give any assurances that if released, the defendant will appear in court as required and refrain from continued distribution of controlled substances in his community. *See United States v. Mauricio,* 974 F.2d 580, 586 (5th Cir. 1992)(holding "the risk of continued narcotics trafficking on bail does constitute a risk to the community"). With the numerous family members of the defendant still residing in the Fort Worth area, and with the testimony of his sister indicating that the family is very "close-knit," the defendant fails to establish why he can't call on any of them to assist with his belongings at his residence and with the sale of his vehicles. Thus, the defendant fails to produce any new evidence material to the issue of his risk of flight or potential danger to the community. Accordingly, for the foregoing reasons, the defendant's request for

TRM/flg                                7

another detention hearing is DENIED.

III. <u>Review of Magistrate's Detention Order</u>

When a district court considers a motion to revoke or amend a magistrate's detention order under section 3145(b), "the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985). As noted above, the Court may conduct its review and base its decision on the evidence presented to the magistrate at the detention hearing.

A defendant may be held in pretrial detention on a finding that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Bail Reform Act does not require a finding of both flight risk and potential danger, rather, "the lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community is sufficient; both are not required." *Fortna,* 769 F.2d at 249 (emphasis in original). A determination that no condition or combination of conditions will prevent the risk of flight must be supported by a preponderance of the evidence. *United States v. Trosper,* 809 F.2d 1107, 1109 (5th Cir. 1987). On the other hand, a determination that no condition or combination of conditions would assure that the defendant does not pose a danger to a person or the community must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

Under the Bail Reform Act, the existence of probable cause that the defendant committed an offense or offenses under the Controlled Substances Act punishable by ten years or more in prison creates a rebuttable presumption that there are no conditions or combination of conditions that can reasonably assure the defendant's presence at trial or the safety of the community.  18 U.S.C. § 3142(e); *Mauricio,* 974 F.2d at 586.  Evidence presented that the defendant had been indicted for offenses under the Controlled Substances Act that are punishable by ten years or more in prison is sufficient for a finding of probable cause.  *Trosper,* 809 F.2d at 1110 (holding "the presumption was properly applied . . . upon proof that he had been indicted under the Controlled Substances Act").  But this presumption merely places the burden of production on the defendant, the burden of persuasion continues to remain with the government, even during this *de novo* review.  *Hare,* 873 F.2d at 798.  However, the presumption doesn't just disappear when the defendant produces evidence; instead, it remains as a factor for the Court to consider.  *Id.*  "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."  *Id.* at 798-99.

After a *de novo* review of the record, the Court declines to revoke or amend the magistrate's detention order and denies the defendant's motion.  The ties of family support that the defendant introduced through his sister do little to assure the Court that he

is not a flight risk or a danger to the community. *See e.g. Trosper,* 809 F.2d at 1110 (holding under similar facts "the evidence of family ties" failed to support the position that the defendant was not a flight risk). It is clear from his sister's testimony—the fact that she was unsure who the defendant was living with at the time of his arrest, the fact that she was unaware that the defendant has been using drugs, and the fact that she was unaware that he had been arrested for unlawfully carrying a weapon and possession of marijuana—that his family ties fail to demonstrate any relationship wherein any of his numerous family members could assert any appreciable control, either physical or emotional, over the defendant or his actions. Quite frankly, they seem to be completely in the dark regarding the defendant's long criminal history.

In his motion, the defendant argues that he "does not appear to be a flight risk or a danger to the community." He bases this on the fact that "none of his prior convictions involve violence" and the fact that the weapons found in his residence when he was arrested "were not found on his person." But there is simply no support in the record for the defendant's asseverations.

As indicated above, the Court is free to consider the fact that the defendant is indicted for numerous offenses under the Controlled Substances Act that are punishable by more than ten years in prison. That gives rise to the statutory presumption that the defendant is a flight risk and a potential danger to the community. In addition, the defendant has two prior convictions

TRM/flg                               10

for escape and evading arrest, both indications that he is a flight risk.

Moreover, the record clearly and convincingly establishes that if released, the defendant poses a significant danger to the community. Although the defendant argues that the weapons found at his Davis residence were not actually found on his person, per his own admissions, the defendant lived alone at that residence. As indicated on his current indictment and his criminal record, the defendant has committed numerous weapons violations. The possession of lethal weapons such as a "SKF assault rifle" and a hand gun together with the defendant's repeated narcotics distribution to an undercover police officer, and his association with a member of a criminal street gang, clearly and convincingly establish that if released, the defendant would pose a significant danger to the community. Therefore, for the foregoing reasons, the Court DENIES the defendant's request to revoke or amend the magistrate's detention order.

IV. Conclusion

For the reasons stated above, the defendant's motion for a second detention hearing and for a revocation or modification of the magistrate's detention order is DENIED.

SIGNED October 19, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/flg                           11